# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| WARREN HARRIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-cv-03159-SRB |
| AUTO-OWNERS INSURANCE COMPANY, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss Count II of Plaintiff's Petition. (Doc. #6.) For the reasons set forth below, the motion is GRANTED.

**I. FACTUAL BACKGROUND**

The following allegations are taken from Plaintiff's Petition for Damages. (Doc. #1-2.) On April 19, 2016, Plaintiff Warren Harris ("Plaintiff") was injured in a motor-vehicle collision allegedly caused by the negligence of Macey Hitchcock. Plaintiff alleges that Ms. Hitchcock had $100,000 of liability coverage, which her insurer has paid.

At the time of the accident, Plaintiff was also insured under an insurance policy issued to him by Defendant Auto-Owners Insurance Company ("Defendant"). The insurance policy had a $250,000 limit for underinsured motorist coverage. Plaintiff alleges that under the policy "Ms. Hitchcock was an underinsured motorist" and that Plaintiff "is entitled to recover the $250,000.00 of underinsured motorist coverage due to the fact that his damages sustained exceeded the available insurance coverage." (Doc. #1-2, p. 3.)[1] Plaintiff further alleges that Defendant has wrongfully failed to make payment under his insurance policy. Plaintiff asserts

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

claims against Defendant for breach of contract (Count I) and for "bad faith and/or vexatious refusal" to pay (Count II). As to Count II, Plaintiff requests in part an award of punitive damages.

Defendant now moves to dismiss Plaintiff's claim for bad faith and for punitive damages. Defendant argues that "an insured's remedy against its insurer for failure to pay under an insurance policy is limited to claims for breach of contract and vexatious refusal to pay" under Mo. Rev. Stat. § 375.420. (Doc. #7, p. 2.)[2] Plaintiff argues that Missouri law supports his bad faith claim, and that Missouri's vexatious refusal statute does not provide his exclusive remedy. These issues are addressed below.

## II. LEGAL STANDARD

It appears that Defendant's motion to dismiss is governed by Federal Rule of Civil Procedure 12(b)(6).[3] Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

---

[2] Defendant removed this case from state court on the basis of diversity jurisdiction, and the parties appear to agree that Missouri substantive law is applicable.

[3] Defendant's motion, suggestions in support, and reply brief do not cite any Federal Rule of Civil Procedure.

## III. DISCUSSION

Defendant acknowledges that Plaintiff may assert a claim for vexatious refusal in Count II. (Doc. #7, p. 2.) However, Defendant argues that Plaintiff's claim for bad faith and punitive damages in Count II fail to state a claim. Defendant contends that an express contract exists between the parties, that Plaintiff relies on similar facts in support of his breach of contract and bad faith claim, and that an insured "cannot substitute a tort claim when a contract remedy is available." (Doc. #11, p. 2.) Plaintiff argues that his claim for bad faith is adequately pled and viable under Missouri law. As explained below, the Court rejects Plaintiff's arguments.

Under Missouri law, "an insurance company's denial of coverage itself is actionable only as a breach of contract and, where appropriate, a claim for vexatious refusal to pay." *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 69 (Mo. banc 2000). Missouri's vexatious refusal to pay statute provides that a plaintiff may recover (in addition to amounts owed under the policy) a monetary penalty and attorneys' fees "if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse[.]" Mo. Rev. Stat. § 375.420. An insured "cannot also bring a tort claim dependent on the same elements as the contract claim." *Hullverson Law Firm, P.C. v. Liberty Ins. Underwriters, Inc.*, No. 4:12–CV–1994 CAS, 2013 WL 3802517, at *1 (E.D. Mo. July 22, 2013); *see also Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) ("An insured cannot recast a contract claim as a conspiracy tort under Missouri law."). "Independent facts must form the basis for the tort claim to survive a motion to dismiss." *Hullverson Law Firm*, 2013 WL 3802517, at *1.

Here, Plaintiff's bad faith claim is dependent on Defendant's alleged refusal to pay under the insurance policy. In Count II, Plaintiff alleges in part that Defendant "has refused and delayed payment," and has "refused to comply with its obligations." (Doc. #1-2, pp. 4-5.)

"Thus, but for Defendant's allegedly wrongful denial of Plaintiff's insurance claim, Plaintiff could not maintain h[is] tort claim[.] Accordingly, Plaintiff's tort claim[] [is] dependent on Defendant's alleged refusal to pay." *Decoursey v. Am. Gen. Life Ins. Co.*, No. 13–01221–CV–W–GAF, 2014 WL 12600954, at *7 (W.D. Mo. Apr. 15, 2014). Plaintiff also asserts the same allegations in support of his bad faith and vexatious refusal claim. Under these circumstances, "Plaintiff's remedy for Defendant's alleged refusal to pay under the Policy is, therefore, limited to h[is] breach of contract and vexatious refusal claims." *Id.*; see also *Hullverson Law Firm*, 2013 WL 3802517, at *2.[4]

Plaintiff's opposition brief does not specifically address the viability of his request for punitive damages in Count II. Based on the foregoing discussion, and as currently pled, the Court finds that the relief available to Plaintiff is limited to that for breach of contract and under Missouri's vexatious refusal statute. Consequently, the Court also dismisses Plaintiff's request for punitive damages.

**IV. CONCLUSION**

Accordingly, Defendant's Motion to Dismiss Count II of Plaintiff's Petition (Doc. #6) is GRANTED. Count II of Plaintiff's Petition for bad faith and punitive damages is DISMISSED. However, Count II for vexatious refusal is not dismissed.

---

[4] The cases relied upon by Plaintiff are not persuasive. Plaintiff relies heavily upon *Overcast*, 11 S.W.3d at 69, for the proposition that Missouri's vexatious refusal statute does not preempt any common law claim. However, as explained by one court, *Overcast* recognizes a separate tort claim may be "cognizable if (1) the claim is a bad-faith liability claim in handling a third-party claim or (2) the claim is independent of Defendant's alleged refusal to pay under the Policy." *Decoursey*, 2014 WL 12600954, at *6. Neither circumstance applies in this case. Missouri state appellate courts should be the first to establish a first party bad faith cause of action, not a federal court.

**IT IS SO ORDERED.**

                                                  /s/ Stephen R. Bough
                                                  STEPHEN R. BOUGH
                                                  UNITED STATES DISTRICT JUDGE

Dated: July 14, 2021